## PENROD v WOEHLER et

Ohio Appeals, 9th Dist, Summit Co

No 2313.  Decided Oct 19, 1934

Alexander S. Greenbaum, Akron, and Robert Azar, Akron, for plaintiff in error.

C. C. Benner, Director of Law, Akron, and Alfred Limber, Asst. Dir. of Law, Akron, for defendants in error.

## OPINION

By STEVENS, J.

The sole question presented in this error proceeding is whether the charter provisions or the state law govern in this case; §486-17a, GC, providing for an appeal to the Court of Common Pleas from the order of the civil service commission, and the city charter providing that the decision of the civil service commission shall be final.

In 28 O. Jur., "Municipal Corporations," §120, p. 228, it is said:

"The provisions of Home Rule charters, adopted pursuant to the authority granted by §7 of Article 18 of the Constitution, and of ordinances adopted pursuant to the authority of §3 of such article, in so far as they constitute an exercise of the powers of local self-government conferred by such sections, as distinguished from mere police regulations, and in so far as they comply with constitutional requirements and do not exceed constitutional limitations, supersede provisions of general laws on the same subject, in so far as concerns their operation within the municipality."

See also cases cited thereunder.

This question has been passed upon so repeatedly that further discussion is unnecessary.

Civil service in reference to employees of municipalities is peculiarly a matter of local

self-government and is not in any sense a police regulation, and the city of Akron, a charter city, in the exercise of its powers of local self-government in reference to civil service, so far as this case is concerned, has not exceeded any constitutional requirements that we know of, and therefore the charter provisions, and not the general law of the state, govern in this case.

Judgment affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.