## STATE ex JACKSON v DAYTON CITY COMMISSION

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1570.   Decided July 31, 1939

Harry P. Jeffrey, Dayton, for plaintiff.

Herbert S. Beane, City Attorney, Dayton; M. J. Gilbert, Asst. City Attorney, Dayton, for defendants.

**OPINION**

BY THE COURT:

The above entitled cause is now being determined as an original action wherein plaintiff seeks a writ of mandamus against the defendants.

The defendants are the City Commission of the City of Dayton, Montgomery County, Ohio, under the above title, and also the five individual members of said Commission; also Fred O. Eichelberger, as City Manager, of the City of Dayton, Montgomery County, Ohio; also the Civil Service Board of the said City of Dayton, together with the three individual members thereof.

Ordinarily the prayer of the petition is not part of the cause of action, but in the instant case such prayer is important as it succinctly demonstrates the relief sought, therefore we quote the prayer in full:

"Wherefore, the relator prays that a writ of mandamus issue commanding the Civil Service Board of the City of Dayton, Ohio, to certify the name of the relator herein for appointment to the rank and office of District Chief of the Fire Department of the City of Dayton, Ohio, and commanding the City Commission of the City of Dayton, Ohio, and the City Manager of the City of Dayton, Ohio, to forthwith appoint the relator to said rank and office with seniority over the incumbent appointed on or about May 16, 1938, as hereinbefore set forth and others to be appointed to the said rank and office, and for such further relief as may be necessary and proper in the premises."

The case is submitted on the pleadings and an Agreed Statement of Facts. The first paragraph of the Agreed Statement of Facts reads as follows:

"It is hereby agreed and stipulated by counsel for all of the parties in the within action that the following constitute all of the relevant facts in the within action and shall be submitted to the court in lieu of oral testimony in this action."

The first paragraph of the Agreed Statement of Facts, under No. 1, reads as follows:

"All of the statements of fact in the petition of the relator and the answer of the respondents shall be incorporated in and by reference become a part of the within Agreed Statement of Facts."

Under the pleadings and Agreed Statement of Facts we are unable to see any justifiable reason for bringing the action in the name of the State of Ohio. We think it is purely an individual action and shall so treat the case. Sidney E. Jackson individually will be plaintiff, and the words "State of Ohio ex rel.," will be treated as surplusage.

We will not set out the facts essential to an understanding of the issues in question.

Sidney E. Jackson was appointed a member of the City Fire Department on April 15, 1907. On the 16th day of March, 1915, he was promoted to the rank of lieutenant, and on June 1,

1915, was again promoted to the rank of captain and is still so acting.

The City of Dayton is a municipal corporation, located in Montgomery County, Ohio, duly organized and existing under and by virtue of a charter adopted by the electors of the said City of Dayton on August 12, 1913, which charter became effective January 1, 1914. The charter provided a managerial form of government with the legislative functions of said city delegated to a commission of five citizens elected at large by the people. The City Manager was the administrative head of the city, having all appointing powers under said charter of all directors of departments and all subordinate officers and employees, classified and unclassified by the Civil Service system adopted under said charter.

The adoption of the charter was under the provisions of **Art. XVIII, Secs. 3, 7, 8 and 9, Constitution of Ohio.** Among the charter enactments were provisions setting up a Civil Service Commission and delegating to such commission its powers and duties.

Under the provisions of Sec. 95 of the city charter, the Civil Service of said city of Dayton is divided into the classified and unclassified service, and the classified service comprises all positions not specifically included by the charter in the unclassified servce. It is further provided in said section that members of the Fire Department of the city are in the competitive class of the classified service.

In Sec. 96 it is provided that the Civil Service Board, subject to the approval of the Commission, shall adopt, amend and enforce a code of rules and regulations providing for appointment and employment in all positions in the classified service, based on merit, efficiency, character and industry, which shall have the force and effect of law.

In Sec. 97 it is provided that positions in the classified service shall be filled from eligible lists on requisition made after consultation with the City Manager.

In December, 1937, the plaintiff qualified for and took the examination for promotion from the rank of captain to that of district chief, said examination being held and given under the direction of the City Civil Service Commission. On or about January 13, 1938, as a result of and based upon the said examination, the Civil Service Commission certified a list of eligibles for promotion from the rank of captain to the rank of district chief. Captain Edwin L. Vernier ranked first and was so certified, to the City Manager. The plaintiff, Sidney E. Jackson, ranked second and Captain Lucas ranked third. On or about February 1, 1938, Captain Edwin L. Vernier resigned from the fire department and thereby eliminated himself from any further consideration for promotion in the event of a vacancy.

On or about May 16, 1938, there existed a vacancy in the office of district chief in the fire department of said city, to which vacancy one Forrest D. Lucas, standing third on the eligible list, was promoted.

It is the contention of plaintiff that by reason of the resignation of Edwin L. Vernier from the department that he, plaintiff, became first on the list so certified by the Civil Service Commission, and, further that under the law governing promotions that he, and he alone, was entitled to the appointment.

The defendants counter with two propositions: First, that under the existing law the city manager was within his rights in selecting Lucas rather than Jackson; and, second, that plaintiff was guilty of laches in not bringing his action until March 21, 1939, which was more than a year following the certificaton of the eligible list including the three names.

Plaintiff relies on §486-15, GC. which, among other things, contains the following provisions:

"In all cases where vacancies are to be filled by promotion, the commission shall certify to the appointing authority only the name of the person having the highest rating."

We are at once confronted with the proposition as to whether or not the state statute or the charter provisions are controlling.

The authority for civil service legislation is founded upon **Sec. 10, Art. XV, Ohio Constitution**, which reads as follows:

"Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision."

The above is the sole and only provision of the Ohio Constitution relating to civil service.

The Supreme Court of Ohio in the case of **State ex rel Lentz, et, Civil Service Commission v Edwards, et, 90 Oh St 305,** presents a very thorough construction and analysis of the constitutional provision and its relation to legislative enactments and their influence, if any, on home rule charter provisions which contain provisions for civil service. The above cited case was an original action in quo warranto and involved the home rule charter provisions of this same City of Dayton and relates to the Civil Service Commission. This case very definitely holds that under the charter provisions of the City of Dayton that

"The manner of regulating the civil service of a city is peculiarly a matter of municipal concern. One of the powers of local self-government is the power of legislating with reference to the local government within the limitations of the constitutional provisions above referred to. As long as the provisions made in the charter of any municipality with reference to its civil service comply with the requirement of **Sec. 10 of Art. XV,** and do not conflict with any other provisions of the constitution, they are valid and under the cases referred to discontinue the general law on the subject as to that mu-

nicipality. That provisions adopted by a city might differ from the general laws within the limits defined was not only expected but the very purpose of the amendment was to permit such differences and make them effective."

We determine that under the law of Ohio the home rule charter provisions fixing the manner and method of promotions under the civil service law will control over state law.

If no provision is made under the charter for examination, certification or promotion, then the corollary state law will apply.

The latter principle of law was announced by the Court of Appeals of Butler County, in the case of **State ex Baden v Gibbons, 17 Abs 341-344.**

"It is our conception of the law that when the electorate of a city adopts a charter, and nowhere therein legislates upon a matter upon which it may properly legislate contra to the existing general law of the state, and does in fact by general reference, adopt the state law on any subject; that the general statute or separate portions thereof, thus undisturbed, becomes as much a part of the law applicable to the government of that city as if it were a part of the charter itself."

A case somewhat helpful by analogy is that of **Hile v City of Cleveland et 118 Oh St 99.** The above cited case involved Sec. 96 of the charter of the City of Cleveland. This section provided that one seeking a promotion or appointment in the city civil service shall pass a competitive civil service examination unless he shall have served with fidelity for at least two years immediately preceding in a similar position under the city. One Graul, under and pursuant to the provisions of Sec. 96 of the said charter, and by reason of his having served more than two years in a similar position in the city, was appointed chief of police without taking a civil service examination.

382

It was the holding of the Supreme Court in the above case that Sec. 96 was not violative of the provisions of Sec. 10, Art. XV, of the Constitution, but was in full accord with the letter and spirit of said section. Syllabus 1 reads as follows:

"1. Sec. 10, Art XV, Ohio Constitution does not prohibit the promotion and appointment of public officials in the civil service of cities without competitive examination in cases wherein it is not practicable to effectively test the capacity of applicants for such promotion or appointment by a competitive civil service examination."

Another case holding to the principle that home rule provisions of a charter take precedence over legislative enactments on the same subject is **Penrod v Woehler, 18 Abs 135.**

There is some uncertainty as to whether any legislative enactment by the city commission definitely prescribes the manner and method of certifying lists to appointing power where a vacancy occurs in a civil service position.

Rule 12, Section 1, Paragraph 2, of the Civil Service Rules adopted by the Civil Service Commission of Dayton, provides that the board shall certify to the appointing officer the names of all persons on such eligible register, indicating the average percentage and postoffice addresses of such persons.

Counsel for plaintiff urge that this is null and void for the reason that it was an attempt at legislation which the Civil Service Commission, as an administrative body, had no power to enact. As supporting authority there is cited **State ex Curtiss v DeCorps, Director of Public Service, 134 Oh St 295.**

We have made a very careful study of the above cited case and in our judgment it falls far short of supporting counsel for plaintiff's contention that Rule 12 is null and void for the reason that it is attempted legislation by the Civil Service Commission. No one would question for a moment that the Civil Service Commission is an administrative entity and consequently without

power to legislate. The Court in its per curiam opinion in **134 Oh St** supra, as a sort of predicate for its final determination states, in substantially the same language as above, that administrative officers may not legislate. However, the Supreme Court in the case cited reversed the Common Please Court and Court of Appeals and in so doing stated that the rule enacted by the Civil Service Commission was valid and enforcible and did not come within the category of legislation.

Starting on page 297 of the opinion we find the following:

"Municipal civil service commissions are thereby vested with broad and comprehensive rule-making powers, limited only by the requirement that the rules and regulations adopted be not inconsistent with the provisions of the Civil Service Act. To be thus inconsistent, they must contravene or be in derogation of some express provision of the Civil Service Act."

**Sec. 486-19 GC** in substance provides that municipal civil service commissions shall prescribe, amend and enforce rules not inconsistent with the provisions of the act for the classification of positions in the civil service and shall provide for appointments, promotions, removals, transfers, lay-offs, suspensions, reductions and reinstatements therein; and for standardizing positions and maintaining efficiency therein. Said municipal commisson shall have and exerce all other powers and perform all other duties with respect to the civil service of such city herein prescribed, etc.

We again call attention to Sec. 96 of the Charter of the City of Dayton. This section gives to the Civil Service Board power to adopt, amend and enforce rules and regulations providing for appointment and employment in all positions in the classified service, based on merit, efficiency, character and industry which shall have the force and effect of law.

In our judgment, Rule 12, Sec. 1, Par. 2 of the Civil Service Rules adopted by

the Civil Service Commission of Dayton is not subject to attack on the theory that it is legislation outside the power of an administrative body to enact.

The rule is within the scope of authority granted to the Civil Service Commission.

We are unable to determine that plaintiff has shown a clear right to the writ of mandamus and therefore the same should be denied.

A further and second reason which we think is absolutely determinative of the case and which impels the denial of the writ, is the fact that the plaintiff at the time of bringing his action was not on the eligible list by reason of limitation of time. Under Rule 11, Sec. 2, of the Civil Service Rules of the City of Dayton, it is provided as follows:

"The term of an eligible register is fixed at one year."

Sec. 486-12, GC, expressly authorizes and in fact requires civil service commissions to fix the term of eligibility at not less than one year and not more than two years.

Plaintiff passed the examination and his name was certified as being on the eligible list in January, 1938. Not having brought his action until March, 1939, more than one year had expired and therefore he was no longer on the eligible list.

While it is not clear, we assume that counsel for plaintiff is making the contention that the appointment of Captain Lucas was illegal ab initio and that plaintiff, Captain Jackson, should have been appointed at that time. Even if this position of plaintiff be conceded, the fact remains that he was not appointed. The gravamen of plaintiff's action and the prayer of his petition is for appointment as of the date of bringing his action. On that date, as heretofore stated, he was not on the eligible list by reason of one year having elapsed.

If we concede for the moment that §486-15, GC, is controlling, and that only the person having the highest rating should be certified, then the query would arise as to the effect of the certification of three names. If the certification of more than one would be void, the name of Vernier was the only legal name certified. This line of reasoning could be followed further, that following Vernier's resignation there had been no certification and thereby Jackson would fail to bring himself within the requirements for appointment.

We are constrained to the view that plaintiff is not entitled to the writ of mandamus, and therefore the petition will be dismissed at plaintiff's costs.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.