## STATE, ex CRABTREE, Plaintiff v. EICHELBERGER, Defendant.

Ohio Appeals, Second District. Montgomery County.

No. 1839. Decided February 23, 1945.

Irvin C. Delscamp, Dayton, for plaintiff.

Herbert S. Beane, City Atty., Dayton, Maurice K. Gilbert, Asst. City Atty., Dayton, for defendant.

### OPINION

By MILLER, J.

This is an original action in mandamus brought by the State of Ohio, ex rel. Frank Crabtree against F. O. Eichelberger, who is City Manager and Director of Public Safety of the City of Dayton, Ohio.

The question of law involved in this action is presented by a demurrer to the answer. The facts essential to the consideration of the legal question presented may be very briefly stated.

On August 20, 1943, the relator, Frank Crabtree, was selected by the respondent from an eligible Civil Service list and appointed to the position of Captain in the Department of

Safety, Division of Fire of the City of Dayton, Ohio, at a salary of $225.00 per month, next six months.

On or about the 18th day of February, 1944, the relator was reduced from the rank of Captain to that of Lieutenant, which position he had held prior to this promotion. The letter of removal is as follows:

"Captain Frank Crabtree:

I regret to inform you that your services in the capacity of Captain in the Division of Fire during your probationary period have not measured up to the standard required for that position and you are therefore reduced to your former rank of Lieutenant, Division of Fire, effective February 19, 1944.

(Signed) F. O. Eichelberger, City Manager."

This matter was presented to the Civil Service Board and the removal was approved on the same date.

It is claimed by the relator that these charges are not definite and certain and therefore do not come within the requirements of the General Code or of the charter of the city of Dayton. We agree that these charges are only general and do not inform the relator of any definite reason for his reduction in rank. The defendant contends that under the provisions of Section 99 of the charter of the city of Dayton no specific charges are required. This section reads as follows:

"An appointment or promotion shall not be deemed complete until a period of probation not to exceed six months has elapsed, and a probationer may be discharged or reduced at any time within the said period of six months, upon the recommendation of the head of the department in which said probationer is employed, with the approval of the majority of the board."

Sec. 486-13 GC differs from Section 99 of the Dayton charter in that the probationary period shall not exceed ninety days. It provides:

"All original and promotional appointments shall be for a probationary period of not to exceed three months to be fixed by the rules of the Commission."

Respondent relies upon the case of Jackson v Dayton, 30 Abs 378, which holds that specific provisions in a city's

home rule charter fixing the manner and method of promotions under the civil service law take precedence over state law, as long as such local provisions do not conflict with the' Constitution. The Court in arriving at this conclusion was of the opinion that regulations of the police and fire departments are of purely local concern, and that under **Section 3, Article XVIII** of the **Constitution of Ohio** this power is granted to the cities.

But the Supreme Court of Ohio has placed a different interpretation upon the nature of the work performed by the police and fire departments of the cities. In **State, ex rel v Toledo, 142 Oh St 128,** the Court said:

"The next step in the solution of our problem is whether fire protection is a matter of purely local concern. This is no longer an open question in Ohio. Two pronouncements of this Court will suffice to demonstrate the established law upon that subject. In **State, ex rel. Strain v Houston, Chief, 138 Oh St 203,** this Court held, 'Fire protection is a matter of concern to the people of the state generally'. In **City of Cincinnati v Gamble, et al., 138 Oh St 220,** ¶4 of the syllabus reads as follows: 'In general, matters relating to police and fire protection are of state-wide concern and under the control of state sovereignty.' "

Therefore, since the nature of the work of the relator is of state-wide concern and there is a conflict between Section 99 of the Dayton charter and §486-13 GC, we hold that the state law must prevail. The dismissal was illegal in that over ninety days had elapsed since the appointment and no specific charges were preferred as required by §486-17 GC. This section provides:

"In all cases of reduction, lay-off or suspension of an employee or subordinate, whether appointed for a definite term or otherwise, the appointing authority shall furnish such employee or subordinate with a copy of the order of lay-off, reduction or suspension and his reasons for the same, and give such employee or subordinate a reasonable time in which to make and file an explanation."

We do not adopt the theory of the plaintiff that he was entitled to a statement setting forth the reasons for his reduction because of any status assured to him by the provisions of the charter of the city of Dayton, but solely by reason

of the conflict of the charter with the state provision as to the time within which an appointee was under probationary appointment.

The demurrer searches the record and, in our opinion, the petition, setting out fully the facts of plaintiff's appointment and the time during which he served, in conjunction with his Civil Service status, states a cause of action.

The demurrer to the answer is sustained and unless respondent desires to plead further the writ will be allowed.

HORNBECK, P. J. and GEIGER, J., concur.