ORT *v.* HUTCHINSON ET AL.

252

*Mr. Edward J. Hummer*, for plaintiff.
*Mr. Charles A. Bakle*, city solicitor, for defendants.

GUERNSEY, P. J.  This action in mandamus was filed in this court by one Robert N. Ort.  The caption and style of the amended petition, which for the purposes of clarity we will hereafter refer to as the petition, are as in an action brought in the name of an individual, and there is no allegation that the action is brought in the name of the state of Ohio on the relation of Ort.  The defendants are the Mayor and the Civil Service Commission of the city of Defiance.

After formal allegations, Ort alleges that the commission caused notice to be published on or about March 19, 1960, of an examination to be given on March 28, 1960, for the purpose of promotion to the rank of Captain in the Defiance City Fire Department of members of the department then classified as drivers.  He then alleges:

"The petitioner further says that the Defiance commissioners failed to publish, in said notice, or in any other notice, a description of the source of material from which the examination questions were prepared and further that the said defendant commissioners failed, at any time prior to said examination, to provide and make readily accessible, such source of materials to the examinees, as required by law.

"Plaintiff further says said examination, as advertised, was conducted on March 28, 1960, as aforesaid, and this petitioner was eligible for and did take said examination, but was not required to and did not waive notice of the aforesaid description of the source of material or his right to have said source of material made readily accessible.

"That the defendant commissioners thereafter, by a post card post marked March 31, at 4:30 p. m., 1960, notified this petitioner of an apparently corrected grade made on said examination, without allowing said examinee to inspect the rating keys

or answers to the examination or to file any protest he then deemed advisable, all in violation of the laws of Ohio.

"The petitioner did file, on April 4, 1960, a written request to examine the rating keys or answers to the questions propounded on said examination and was advised by said commissioners that no such rating key or answers had been prepared in advance of the examination.

"* * *

"Plaintiff further says that he has protested the legality of said examination and that said commissioners have failed and refused to set aside the aforesaid examination as void; that said William E. Daoust, as Mayor of the city of Defiance, Ohio, has made, in his official capacity as such Mayor, purported promotions of Clarence Bohn, Jr. and Robert M. [*sic*] Ort, within the ranks of said fire department, based upon the purported results of the aforesaid void examination, and this petitioner claims said promotions to be invalid, and has reason to believe that the same have been officially rescinded by said mayor."

To these allegations Ort appended the following prayer:

"Wherefore, Plaintiff prays that a Writ of Mandamus issue against the defendant, Defiance City Civil Service Commission, requiring it to set aside said examination of March 28, 1960, and the results thereof, as being void and further says that a writ of mandamus issue against William E. Daoust as Mayor of the city of Defiance, Ohio, requiring him as such mayor, to void all promotions made within the Fire Department of the city of Defiance, Ohio, since March 28, 1960, and further requiring him to order the said defendant, Defiance City Civil Service Commission to duly conduct a new examination in place of and for the purpose of the aforesaid examination of March 28, 1960, and for such orders in the premises as may be just and proper."

To this petition the defendants demurred, their first ground being that "such amended petition is not in the name of the state of Ohio as required by Ohio Revised Code Section 2731.04."

Plaintiff objects to the form of the demurrer claiming that the stated grounds are not within those prescribed by Section 2309.08, Revised Code. However, as to the first ground this contention is not valid for it comes clearly within the provision of subparagraph (C) that "the plaintiff has not legal capacity to sue,"

As to the merits of the first ground of the demurrer, it is specifically and plainly provided by Section 2731.04, Revised Code, that:

"Application for the writ of mandamus must be by petition, *in the name of the state on the relation of the person applying*, and verified by affidavit. * * *" (Emphasis added.)

In the case of *Gannon v. Gallagher, Dir.*, 145 Ohio St., 170, relied upon by defendants, the Supreme Court, noting that the action was not instituted in conformity with this provision of the statute but finding that the appellant had an adequate remedy at law, affirmed a judgment of the Court of Appeals dismissing appellant's petition following the sustaining of a demurrer thereto. The basis on which the appellate court sustained the demurrer does not appear in the opinion of the Supreme Court nor does it appear whether the Supreme Court affirmed the judgment merely because there was an adequate remedy at law, without reference to the fact that the action was not brought in the name of the state. That case cannot, therefore, be considered conclusive on the issue herein.

Petitioner claims, however, that two later cases of the Supreme Court, namely *L. & M. Properties* v. *Burke, Mayor*, 152 Ohio St., 28, and *State, ex rel. Babcock, v. Perkins*, 165 Ohio St., 185, support the proposition that it is not necessary to bring an action in mandamus in the name of the state. Nothing to such effect is contained in the syllabus of either case, which states the law of each case. In the *L. & M. Properties case* it was merely noted (p. 32) that no objection had been made on the ground that the action was not brought in the name of the state, and the judgment of the trial court sustaining a demurrer to the petition was affirmed. That case does not stand for what the plaintiff claims it to stand. In the *Babcock case* Judge Zimmerman merely noted that "a violation of Section 2731.09, Revised Code, constitutes a breach of a procedural statute only." The procedure referred to was that pertaining to the filing of a demurrer, which procedure had not been objected to in the trial court. The *Babcock case*, in this respect, does not apply to matters of substantive law and does not purport to determine whether the requirement that the action in mandamus be brought in the name of the state of Ohio is mandatory.

Plaintiff also relies on the case of *State, ex rel. Jackson, v.*

*Dayton City Commission*, 30 Ohio Law Abs., 378, wherein the Court of Appeals for Montgomery County said:

"Under the pleadings and agreed statement of facts we are unable to see any justifiable reason for bringing the action in the name of the state of Ohio. We think it is purely an individual action and shall so treat the case. Sidney E. Jackson individually will be plaintiff, and the words 'State of Ohio ex rel.,' will be treated as surplusage."

That court does not further explain why it reached such conclusion, but since it proceeded to determine Jackson's right to relief, and determined that he was not entitled to a writ of mandamus, the quoted language is wholly *obiter* on the issues herein.

Consistent with the statutory requirements, an application for a writ of mandamus at common law, where the right or duty sought to be enforced affects the state in its sovereign capacity, or is a public one, was required to be made in the name of the state. The jurisdiction of this court in mandamus, like that of the Supreme Court, is conferred by the Constitution of Ohio, is the common-law jurisdiction as exercised when the constitutional provision was adopted, cannot be enlarged or abridged by statute, and is not used for the redress of private wrongs but only in matters relating to the public. See dissenting opinion of Judge Taft in *State, ex rel. Selected Properties, Inc.,* v. *Gottfried,* 163 Ohio St., 469, at page 477; *State, ex rel. Moyer,* v. *Baldwin,* 77 Ohio St., 532; and *State, ex rel. Libby-Owens-Ford Glass Co.,* v. *Industrial Commission,* 162 Ohio St., 302.

As a high prerogative writ used to enforce a right or duty affecting the state in its sovereign capacity, or to enforce a public right or duty, it is our opinion that the statutory requirement hereinbefore quoted constitutes merely a reiteration of the common-law requirement, that the same is a matter of substantive law determinative of the capacity to sue, and that it is mandatory that the application for a writ of mandamus filed in this court show on the face thereof that it is brought *in the name of the state on the relation of the party applying.* This not appearing either in the caption, or in the body of the petition, it follows then that the plaintiff, Robert N. Ort, has no legal capacity to sue in his own name, and that for such reason, if for no other, the demurrer should be sustained.

To this conclusion plaintiff counters that he should then be allowed to amend his petition under the provisions of Section 2309.58, Revised Code, to comply with this mandatory requirement.

Under the provisions of Section 2309.58, Revised Code, before or after judgment, in furtherance of justice, and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of any party or by correcting a mistake in any other respect *when the amendment does not substantially change the claim or defense. Oetzel v. Martin*, 163 Ohio St., 512; *Lake Shore & Michigan Southern Ry. Co.* v. *City of Elyria*, 69 Ohio St., 414. This right to amend, however, is not an unlimited right, and the two tests ordinarily applied are, first, whether the same evidence will support both the original and amended petitions, and, second, whether the same measure of damages will apply to both. The *right* to amend a pleading does not ordinarily contemplate new service of process. The existence of a right to amend, the statutory limitations thereon, and the usual tests applicable thereto, presuppose that the court has acquired jurisdiction over the parties, which, notwithstanding the amendment, shall continue without interruption. There must be something upon which the amendment may operate. See *Shamokin Bank* v. *Street*, 16 Ohio St., 1, and *Snider's Exrs.* v. *Young*, 72 Ohio St., 494. As stated in the former of these cases at page 10:

"* * * I know the general power of amendment is very broad, and is only limited by the 'justice' of the case. But the statutory *thing* to be amended must exist, before the power can be exercised. * * *"

Since by common-law practice and by statute (Section 2309.04, Revised Code) a petition must contain a statement of facts constituting a cause of action, it is certainly questionable whether a petition even exists when a cause of action is not stated.

In the case of *Ohio Electric Ry. Co.* v. *United States Express Co.*, 105 Ohio St., 331, the Supreme Court held:

"4. The statutes of Ohio do not authorize the filing of an amendment to a petition, which substantially changes the claim of the petitioner, and the rendering of judgment in pursuance

thereof against a defendant without service of summons, waiver or entry of appearance is reversible error.''

See, also, *City of Toledo* v. *Brown*, 130 Ohio St., 513.

Or, as stated by Judge Robinson at page 345 of his opinion in the *Ohio Electric Railway case*:

''The 'Amendment to Petition,' having averred *an additional and a different cause of action* from that averred in the original petition, required service of summons, waiver of service, or an entry of appearance, before the court acquired jurisdiction of the person of the express company. * * *'' (Emphasis added.)

If a cause of action is not stated in the original petition, it is our opinion that an amended petition which does state a cause of action would state ''an additional and a different cause of action'' from that averred in the original petition.

It would not be in the furtherance of justice for this court to permit an amendment as to the name in which the action is brought and thereby attempt to obtain, or retain, jurisdiction over the action and the parties, when, notwithstanding such amendment, no cause of action is stated against any of the parties to the action, and where, before judgment can be had against anyone, additional facts must be alleged in order to state a cause of action and jurisdiction over the parties must be reacquired by service of process, or otherwise.

Does this petition allege a cause of action against anyone? It is basic to the writ of mandamus that it will issue only to command the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. The matters which plaintiff has alleged as requiring the defendants to act in the manner prayed by him in his petition are (1) the failure of the civil service commission to describe the source material from which the examination was prepared in its notice of examination, (2) the failure of the commission to make the source materials available to the examinee, (3) the failure of the commission to prepare rating keys or answers prior to the examination, and (4) the failure of the commission to allow petitioner to inspect the rating keys or answers and to file any protests, at any time after the holding of the examination, let alone within the five days thereafter as provided by law. Section 143.341, Revised Code, prescribing the various require-

ments pertaining to promotional examinations for firemen, explicitly provides that these four items shall be accomplished by the civil service commission. Petitioner, however, is not attempting by this action to force the commission to do any of these things with regard to the examination in question. The time for doing these things has long since passed. Petitioner is praying that by reason of the failure to do these things the commission should be required by a writ of mandamus to set aside said examination as void, and that the mayor be required by a writ of mandamus to void all promotions made in the fire department since the date of the examination and to order the commission to conduct a new examination.

The last paragraph of Section 143.341, Revised Code, provides as follows:

"The public notice of a holding of a promotional examination for a position or positions in a fire department shall, unless waived by all persons eligible to participate, be published not less than thirty days prior to the examination and shall contain a description of the source material from which the examination questions are prepared. Such source material shall be readily accessible to the examinee. Failure to comply with *this requirement* shall make void the pursuant examination. This paragraph shall not prohibit the use of questions having answers based on experience in the fire service." (Emphasis added.)

It will be noted that such paragraph, which is the only one pertaining to the validity of the examination, does not in any way purport to invalidate an examination by reason of the failure of a commission to prepare rating keys or answers, to permit inspection of rating keys or answers, or the filing of protests. It sets up three requirements: (1) thirty days written notice (of which the plaintiff here does not complain); (2) description in the notice of the source material; and (3) accessibility of the source material. It then proceeds to use the phrase, "failure to comply with this requirement." "This" is in the singular and under normal rules of construction would modify and be applicable only to the requirement of accessibility of the source material. For the purposes of this case, however, we need not decide which requirement, or requirements, this statement pertains to, for, whichever it is, the petition here al-

leges noncompliance, and the examination is made void by statute the moment that there is failure to comply with the requirement. There is no duty prescribed by Section 143.341, Revised Code, or by any other section of the Civil Service Code, for anyone to thereafter act to set aside the examination. No act of the commission can add to or detract from the provision of the statute which makes the examination void, and void *ab initio*, for the failure to comply with the statutory requirement or requirements would occur in every case even before the examination is given. Under such circumstances a cause of action in mandamus is not stated against the commission.

With respect to plaintiff's claim that the mayor should be required to "void" all promotions made since the date of the examination, it appears from the allegations of the petition that the only promotions which plaintiff avers have been made the plaintiff also avers he "has reason to believe that the same have been officially rescinded by said Mayor." Without considering whether the mayor has the authority and duty to "void" or rescind such promotions, it is only logical that if he does not have the authority and duty a writ of mandamus could not issue in any case and that if he does have the authority and duty it appears that the act to be commanded has been done. The burden of establishing a clear right for the relief sought is on the relator, and if his petition alleges facts wholly inconsistent with a clear right it fails to show a cause of action in mandamus.

At least the same can be said with relation to the claim that the mayor should be required by a writ of mandamus to order the commission to conduct a new examination in place of the one given on March 28, 1960. The pertinent statute with respect to the giving of an examination is Section 143.344, Revised Code, which provides in part as follows:

"*Whenever a vacancy occurs* in a promoted rank in a fire department and *no eligible list for such rank exists*, the *appointing authority* shall *certify* the fact to the civil service commission, and the civil service commission shall within sixty days of such vacancy conduct a competitive promotional examination. * * *

"When an eligible list is in existence and a vacancy occurs in a position for which the list was established, the appointing

authority shall certify the fact to the civil service commission. * * *'' (Emphasis added.)

It will be observed that that section provides three conditions precedent to the giving of a civil service examination, namely, a vacancy, no eligible list, and certification of such fact by the appointing authority. It does not purport to give even the appointing authority the right to *order* an examination, but merely requires the certification by the appointing authority of the existence of the first two conditions precedent. Moreover, the following quoted provisions of the Revised Code are applicable:

Section 737.01. "In each city there shall be a department of public safety, which shall be administered by a director of public safety. * * *''

Section 737.02. "Under the direction of the mayor, the director of public safety shall be the executive head of the police and fire departments * * *. He shall have all powers and duties connected with and incident to the *appointment*, regulation, and government of such departments except as otherwise provided by law. * * *'' (Emphasis added.)

It not being otherwise provided by law, the appointing authority for the appointment of captains in the fire department is the director of public safety, and not the mayor. The mayor could not be commanded by a writ of mandamus to order the commission to give a new examination, nor on the allegations of the petition herein could anyone else be commanded, for there is no allegation that the conditions precedent to examination, namely, vacancy, no eligible list, and certification of same by the appointing authority, have been satisfied. Moreover, as the director of public safety is not a party to this action he could not be commanded to do anything in this respect.

In passing we wish to observe that there are several legal remedies provided by the civil service statutes, such as Sections 143.30 and 143.40, Revised Code, which might have been employed to bring about an answer to plaintiff's complaints. Ordinarily a cause of action for the extraordinary writ of mandamus may not be stated if the facts alleged do not exclude the existence of legal remedies. Independently, however, of the existence of legal remedies, the petition does not allege facts constituting a cause of action in anyone for a writ of mandamus.

It does not appear that by amendment of the allegations of fact a cause of action for a writ of mandamus could be alleged. In the event that such could be done, as heretofore determined, it would still be necessary, after demurrer sustained, by new service of process, or otherwise, for this court to gain jurisdiction over the parties. The defect as to cause of action, and, by reason thereof, the consequent defect as to jurisdiction over the parties, cannot be remedied by the amendment of the petition to show that the action is brought in the name of the state of Ohio on the relation of Robert N. Ort. Such amendment would not, therefore, be in the furtherance of justice, as required by Section 2309.58, Revised Code, and the court will refuse same.

In conclusion, and in summary, it being the opinion of this court that the amended petition does not state a cause of action in anyone, that it does not appear that by amendment to the allegations of fact a cause of action in anyone, or against anyone, could be alleged, without thereby at least requiring the reacquisition of jurisdiction over the persons of the defendants, it is not then in the furtherance of justice for this court to permit the amendment of the amended petition to comply with the mandatory requirement of law that the action be brought in the name of the state on the relation of the party applying, that by reason of the noncompliance with such mandatory requirement the plaintiff does not have capacity to sue, and that the defendants' demurrer should therefore be sustained.

It appearing further that an amendment as to parties could not remedy the defect as to cause of action, as prescribed by Section 2309.60, Revised Code, pertaining to amendments after the sustaining of a demurrer, and it not appearing that a cause of action would be stated against any of the defendants herein, if amendment as to allegations of fact was permitted, it is the judgment and order of this court that plaintiff's petition be dismissed, without prejudice, however, to the initiation of a new and proper action.

Under this view of the case it is not necessary to, and we do not, dispose of the other stated grounds of defendants' demurrer.

*Demurrer sustained and petition dismissed.*

YOUNGER and MIDDLETON, JJ., concur.