This matter arises from defendant-appellant's, Ralph J. Hutton, III, petition for a writ of mandamus. Appellant was found guilty of rape and felonious sexual penetration, after a jury trial, and sentenced to two consecutive terms of life in prison. A timely appeal was filed in this court and the judgment of the trial court was affirmed on August 30, 1995 inState v. Hutton (Aug. 30, 1995), Belmont App. No. 93-B-2, unreported. A subsequent appeal to the Ohio Supreme Court was dismissed on January 17, 1996.
The facts indicate that appellant then, on September 18, 1996, filed a post conviction motion to vacate or set aside sentence in the trial court, alleging ineffective assistance of trial counsel. That motion was denied by the trial court on October 29, 1996. Appellant then filed a motion requesting findings of fact and conclusions of law. On December 10, 1996 the trial court again denied defendant-appellant's motion to vacate the sentence and noted that defendant was found guilty by a jury and defendant was represented by competent counsel.
On December 23, 1996 appellant again filed a second motion to supply findings of fact and conclusions of law in the trial court. On April 9, 1997 this motion was denied without comment. On January 21, 1997 appellant filed a Notice of Appeal directed to the December 10, 1996 denial of his petition for post conviction relief. On December 2, 1997 this court dismissed this appeal for appellant's failure to file assignments of error and brief.
On February 18, 1998 appellant then filed this petition for a writ of mandamus alleging the trial court had denied his motion for post conviction relief without the issuance of findings of fact and conclusions of law. Appellee then responded with a motion to dismiss appellant's petition and a motion for summary judgment.
As noted by the appellee, R.C. 2731.04 supplies the appropriate form for an application for a writ of mandamus, providing:
 "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit. The court may require notice of it to be given to the defendant, or grant an order to show cause why it should not be allowed, or allow the writ without notice." (Emphasis added).
Ohio courts have held that the criterion that a writ of mandamus be brought in the name of the state on the relation of the person applying for the writ is mandatory. See, e.g.,Maloney v. Court of Common Pleas (1962), 173 Ohio St. 226,181 N.E.2d 270; Ort v. Hutchinson (1961), 114 Ohio App. 251,181 N.E.2d 807; Alls v. McKay (Dec. 10, 1993), Trumbull App. No. 93-T-4956, unreported.
In this case, the petition for writ of mandamus lists the relator as Ralph J. Hutton, III, defendant-appellant, rather than "the state on the relation of the person applying." R.C.2731.04. This error requires dismissal of the petition.State v. Lewis (May 10, 1996), Trumbull App. No. 96-T-5447, unreported, at 2-3.
Accordingly, relator's petition for a writ of mandamus is dismissed.
This court also notes that the underlying reason assigned by appellant in his September 18, 1996 petition to vacate or set aside sentence was an allegation of ineffective assistance of trial counsel. The trial court in its December 10, 1996 entry addressed that allegation by noting that defendant was represented by competent counsel. Although somewhat brief, the trial court's reasons for its denial of appellant's motion fulfill the requirement for the issuance of findings of fact and conclusion of law.
We also note that in the case of State v. Perry (1967),10 Ohio St.2d 175, the Supreme Court of Ohio held in relevant part:
 "7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.
 8. The Supreme Court of Ohio will apply the doctrine of res judicata in determining whether postconviction relief should be given under Section 2953.21 et seq., Revised Code.
 9. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment."
Appellant had his appeal as of right to this court. On August 30, 1995 this court affirmed the judgment of the trial court. Any allegation of ineffective assistance of trial counsel could have been raised in that appeal. Those issues are now resjudicata.
Further appellant had filed a Notice of Appeal of the denial of his petition for post conviction relief in January of 1997. This court dismissed that appeal for failure to file assignments of error and brief. Appellant had ample opportunity to raise the findings of fact and conclusion of law issue at the time and did not pursue that appeal. That issue is alsores judicata.
Petition for writ of mandamus is dismissed.
Costs taxed to the appellant.
 -------------------------- JUDGE EDWARD A. COX
 -------------------------- JUDGE GENE DONOFRIO
 -------------------------- JUDGE JOSEPH J. VUKOVICH