This original action in mandamus involves visitation issues in a domestic relations case where respondent is the judge sitting on said case.
Relator alleges that respondent refuses to set hearing dates on motions filed by relator or has not set hearing dates in a timely manner, due to respondent's "bias and prejudice" toward relator.
On January 12, 1999, relator filed an "Emergency Motion for Unsupervised Visitation" with his minor child. On January 22, 1999, relator amended that motion. On February 10, 1999, relator filed a "Motion for Emergency/Ex Parte Order" requesting telephone contact between relator and his minor child. Neither of these motions have been heard at this time.
In January of 1999, relator had filed in this court a Writ in Procedendo against the trial court judge. Also, on March 8, 1999, after the filing of this Mandamus action, relator filed an "Affidavit of Disqualification" against the trial court judge.
Relator's Complaint for a Writ of Mandamus is without merit and improperly filed.
A writ of mandamus must be filed in the name of the state on the relation of the person applying. See Maloney v. Court ofCommon Pleas of Allen County (1962), 173 Ohio St. 226. The requirement of R.C. 2731.04, that an application for a writ of mandamus must be brought in the name of the state on the relation of the person applying therefore, is mandatory, with respect to any such application filed in a court of appeals, and such application must show on the face thereof that it is brought in the name of the state on relation of the party applying. See Ort v. Hutchinson (1961), 114 Ohio App. 251.
Assuming that relator had properly filed his Writ of Mandamus, relator's application is still without merit.
For a writ of mandamus to be granted, the relator must demonstrate: (1) that relator has no plain and adequate remedy in the ordinary course of law; (2) that the respondent is under a clear legal duty to perform some act or acts; and (3) that relator has a clear legal right to the relief prayed for. SeeState ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
Relator filed his first motion in January of 1999 and later on January 22, 1999, amended that motion. On February 16, 1999, three and one-half weeks later, relator filed this instant Complaint for a Writ of Mandamus. Although a writ of mandamus or procedendo is appropriate when a court has either refused to render judgment or has unnecessarily delayed proceeding to judgment, (see State ex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33), a writ of mandamus will generally not issue to compel a court to release its decisions promptly. See State exrel. Luna v. Huffman (1996), 74 Ohio St.3d 486. A delay of less than one and one-half weeks or months to hear motions on visitation is not an unreasonable period of time.
The trial court's not ruling on relator's visitation motions does not constitute undue delay warranting extraordinary relief via mandamus, especially where relator had filed other requests, including the request that the judge be disqualified. See Dehler, supra.
Under the facts of this case, relator does not have a clear legal right to the relief prayed for, and his Complaint in Mandamus is without merit.
Relator's Complaint for Writ of Mandamus is denied.
Costs taxed to relator.
Final order. Clerk to serve a copy of this order on the parties as provided by the Civil Rules.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE
 ______________________________ GENE DONOFRIO, JUDGE
 ______________________________ CHERYL L. WAITE, JUDGE