ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On March 31, 2004, Martin B. Jackson filed this "Motion for Writ of Mandamus" against the Ohio Adult Probation Department. He complained that his rights have been denied because he has not received a probation hearing since his arrest for criminal trespass on February 24, 2004, and that accordingly, he should be released under the terms and conditions of his original probation. No response was ever filed, and Jackson made no further filings. For the following reasons, this court dismisses this "writ action."
 {¶ 2} The pleading has multiple defects. First, it is improperly captioned. Jackson styled this filing as "Martin B. Jackson v. Ohio Adult Probation Department — Motion for writ of mandamus." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." The caption did not include the addresses of all the parties, as required by Civ.R. 10(A). The failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen County (1962),173 Ohio St. 226, 181 N.E.2d 270. This court has held that this deficiency alone also warrants dismissal. State ex rel. LarryCalloway v. Court of Common Pleas of Cuyahoga County (Feb. 27, 1997), Cuyahoga App. No. 71699; State ex rel. Samuels v.Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762; andState ex rel. White v. Villanueva (Oct. 6, 1993), Cuayhoga App. No. 66009. Additionally, mandamus may not be commenced by motion.Myles v. Wyatt (1991), 62 Ohio St.3d 191, 580 N.E.2d 1080.
 {¶ 3} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State exrel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 4} The relator has also failed to comply with R.C.2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594 and State exrel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242. Relator also did not comply with R.C. 2969.25(c), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status and assess costs against the relator. State ex rel. Hunter v. CuyahogaCounty Court of Common Pleas, 88 Ohio St.3d 176, 2000-Ohio-285,724 N.E.2d 420.
 {¶ 5} Moreover, Jackson fails to establish the requisites for mandamus: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel.Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1;State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v. ClevelandBoard of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
 {¶ 6} The first uncertainty is whether Jackson intended this court to rule on his "motion for a writ of mandamus." In the upper part of his caption he addressed his motion to the "Court of Common Pleas Cuyahoga County, Ohio," not this Court of Appeals. On the second page he adds a post script that he has sent a copy of this motion to the Eighth District Court of Appeals. The dockets in State of Ohio v. Martin B. Jackson,
Cuyahoga County Common Pleas Court Case Nos. CR-400324 and 402841 show that pro se motions for writ of mandamus were filed in those cases on March 31, 2004, the same day as the instant filing in this court.[1] Therefore, this court is uncertain whether this "mandamus action" is even properly before this court.
 {¶ 7} Additionally, it appears that this matter is moot. Those dockets also show that on April 14, 2004, the trial court held a hearing on whether Jackson had violated his community control sanctions. It concluded that he had and sentenced him to prison for six months.
 {¶ 8} Accordingly, this court dismisses this "application for a writ of mandamus." Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Sweeney, P.J., Concurs.
 Cooney, J., Concurs.
[1] Copies of those dockets are attached hereto and incorporated herein.