ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Through what he has captioned a Write of Mandamus, Richard Thorne appears to want the amended indictment for attempted escape, to which he pleaded guilty, dismissed. Although he identifies the State of Ohio as the respondent, his contentions are addressed to the Adult Parole Authority, the Cuyahoga County Prosecutor, his trial judge, the clerk of courts and the court reporter from whom he seeks a copy of the Grand Jury testimony which resulted in his indictment. The Prosecutor moved to dismiss the petition and we grant his motion.
 {¶ 2} Thorne's application has multiple defects. It is improperly captioned because he styled this petition as "Richard T. Thorne v. State of Ohio," when R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." It did not include the addresses of all the parties, as required by Civ. R. 10(A). The failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.[1] Moreover, the failure to caption the case correctly creates uncertainty about the identity of the respondent, which is necessary to determine whether that person or entity has a duty enforceable in mandamus. In the instant case it is unclear who the respondent really is.
 {¶ 3} In his brief in opposition to the motion to dismiss, Thorne identifies the Ohio Adult Parole Authority as the respondent. However, he also seems to be seeking relief from the trial judge, the prosecutor, the clerk of courts, and the court reporter. Thus, this court's uncertainty is not relieved. This deficiency alone warrants dismissal.[2]
 {¶ 4} It is also uncertain whether Thorne intended this court to rule on his mandamus complaint. Above his caption he identifies the court in which he is placing his complaint as: "In the Court of Common Pleas, Cuyahoga County, Ohio." He also put "448313" after "CASE NO." Therefore, we are uncertain whether this "mandamus action" is even properly before this court.[3]
 {¶ 5} Thorne has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by him within the previous five years in any state or
 {¶ 6} federal court. His failure to comply with R.C. 2969.25
warrants dismissal of the complaint for a writ of mandamus.[4]
 {¶ 7} Moreover, he does not state a claim showing entitlement to mandamus. He alleges that while he was on parole, he was charged with escape, because of a failure to appear,[5] and was sentenced to prison. From this allegation he complains that the escape charge was improper and should have been considered a technical violation and that the Parole Board's policies and guidelines are arbitrary, pernicious and improperly adopted. He further asserts that the Grand Jury did not indict him and that despite his requests he has not received a copy of the Grand Jury transcripts. Attached to his mandamus complaint are letters seeking the "information Affidavit corresponding to the nature and cause detainer/hold and transportation through [the Parole Authority's Cleveland facility]," as well as seeking to rescind his signature from any booking items. Another letter to the Cuyahoga County Court Reporter seeks to obtain a transcript in Case No. CR-448313. In his brief in opposition he seems to argue that the Ohio Adult Parole Authority's failure to produce the indictment, the Grand Jury transcript and/or the Grand Jury concurrence forms under its duties pursuant to Title 18 United State Code Section 3500 (the Jencks Act) and to produce exculpatory evidence establishes that the charge and conviction for attempted escape are baseless and should be vacated.
 {¶ 8} The requisites for mandamus are well established: (1) Thorne must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused.[6] Furthermore, mandamus is not a substitute for appeal,[7] and does not lie to correct errors and procedural irregularities in the course of a case.[8] If Thorne had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded.[9] Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases.[10]
 {¶ 9} We further note that, to the extent that Mr. Thorne seeks to vacate his conviction for escape because of defects in the indictments, improper arrest, failure to produce certain evidence or challenge to the escape statute, mandamus is precluded because appeal was or could be an adequate remedy at law. Additionally, Thorne's reliance on the Jencks Act is misplaced. That statute regulates the use of witness statements during the trial of federal criminal cases. He pleaded guilty to an Ohio charge in an Ohio court and the federal statute is irrelevant to Ohio procedure. Furthermore, the guilty plea prescinded the need to examine witness statements during trial.[11]
 {¶ 10} To the extent that he seeks a declaratory judgment invalidating the Parole Board's guidelines, policies or regulations, the court of appeals does not have jurisdiction over declaratory judgment actions.[12] The uncertainty of the basis and of the necessary factual prerequisites for his record requests preclude this court from considering them. Alternatively, this court in the exercise of its discretion declines to further consider this irregularly pleaded complaint for mandamus.
 {¶ 11} Accordingly, we dismiss this complaint for a writ of mandamus. Costs assessed against Thorne. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal.[13]
 Corrigan, A.J., Concurs.
 Karpinski, J., Concurs.
[1] Maloney v. Court of Common Pleas of Allen County (1962),173 Ohio St. 226, 181 N.E.2d 270.
[2] State ex rel. Larry Calloway v. Court of Common Pleas ofCuyahoga County (Feb. 27, 1997), Cuyahoga App. No. 71699; Stateex rel. Samuels v. Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762; and State ex rel. White v. Villanueva (Oct. 6, 1993), Cuyahoga App. No. 66009.
[3] Cf. Jackson v. Ohio Adult Probation Dept. (July 29, 2004), Cuyahoga App. No. 84422, 2004-Ohio-3956.
[4] State ex rel. Zanders v. Ohio Parole Board,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594.
[5] A review of the docket in State of Ohio v. RichardThorne, Cuyahoga County Common Pleas Court Case No. 448313, which he lists on his complaint, shows that in April 2004, he pleaded guilty to attempted escape and was sentenced to six months.
[6] State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914.
[7] State ex rel. Pressley v. Industrial Commission of Ohio
(1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus.
[8] State ex rel. Tommie Jerninghan v. Judge Patricia Gaughan
(Sept. 26, 1994), Cuyahoga App. No. 67787.
[9] State ex rel. Tran v. McGrath, 78 Ohio St.3d 45,1997-Ohio-245, 676 N.E.2d 108.
[10] State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeCommission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State exrel. Connole v. Cleveland Board of Education (1993),87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-OakwoodPress v. Dissinger (1940), 32 Ohio Law Abs. 308.
[11] Cf. Village of Montpelier v. Greeno (1986),25 Ohio St.3d 170, 495 N.E.2d 581.
[12] State ex rel. Satow v. Gausse-Milliken,98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289.
[13] Civ.R. 58(B).