OPINION AND JOURNAL ENTRY
On November 2, 2005, Petitioner John W. Perotti filed a "Petition for Writ of Mandamus" seeking an order to compel Respondent to provide immediate service of certain documents in two separate cases. The first case involved a petition for a writ of mandamus filed in the Mahoning County Court of Common Pleas, Case No. 2005CV03287. The second case was an original action for a writ of habeas corpus filed with this Court, assigned as Case No. 05 MA 121. Concerning the first case, Petitioner seeks to have his complaint in that case served on the named defendants. Concerning the second case, Petitioner seeks to compel this Court, through our clerk of court, to provide him with service of a motion to dismiss, apparently because his mailing address changed after original service was attempted. On December 19, 2005, Respondent filed a joint motion to dismiss and motion for summary judgment in order to have the instant action dismissed. For the following reasons, we sustain Respondent's motion to dismiss.
With respect to Common Pleas Case No. 2005CV03287, on November 23, 2005, this Court dismissed a separate petition for writ of mandamus filed by Petitioner that requested the exact relief sought here: an order compelling service of the complaint. SeePerotti v. Vivo, 7th Dist. No. 05-MA-165, 2005-Ohio-6329. We found that the trial court's docket reflected that service or attempted service of the complaint was accomplished, and thus, that the petition for writ of mandamus must be dismissed as moot. Petitioner may not relitigate this issue in a subsequent petition for writ of mandamus based on the doctrine of res judicata, which states that, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.
With respect to our Case No. 05 MA 121, Petitioner is requesting that we issue a writ of mandamus to our own clerk for the Court of Appeals to serve Petitioner with a copy of a motion to dismiss. Petitioner is essentially asking this Court to issue an order to itself. R.C. § 2731.01 states: "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." (Emphasis added.) Since Petitioner is requesting a writ of mandamus from the same tribunal that he wishes to compel to take a specific action, the petition must be dismissed.
In addition, in order to prevail on a writ of mandamus, the relator must show that he has no plain and adequate remedy at law. State ex rel. Hodges v. Taft (1992), 64 Ohio St.3d 1,591 N.E.2d 1186, citing to State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 374 N.E.2d 641. We have already issued a final judgment in Case No. 05 MA 121 and dismissed the action on October 20, 2005. See Perotti v. N.E. Ohio Correctional Ctr.,
7th Dist. No. 05 MA 121, 2005-Ohio-5634. After we issued our final judgment in Case No. 05 MA 121, Petitioner was left with adequate legal remedies; an appeal of that judgment or the filing of a motion under Civ.R. 60. He is not entitled to the extraordinary remedy of a writ of mandamus.
Finally, as Respondent indicates, R.C. § 2731.04 contains specific requirements for filing a petition for a writ of mandamus: "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the personapplying, and verified by affidavit." (Emphasis added.) Petitioner did not file the petition in the name of the state, and this alone has been held to be a sufficient reason for dismissing a petition for a writ of mandamus. Blankenship v.Blackwell, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382;Ort v. Hutchinson (1961), 114 Ohio App. 251, 19 O.O.2d 159,181 N.E.2d 807.
For all the aforementioned reasons, we hereby dismiss the petition for a writ of mandamus. Costs to be taxed against Petitioner.
This is a final order. Clerk to serve notice as provided by the civil rules.
Waite, J., concurs. Donofrio, P.J., concurs. DeGenaro, J., concurs.