OPINION *Page 2 
{¶ 1} Relator, Gary Scott Selway, has been incarcerated in the State of Florida since July 22, 1993. He sent a motion regarding his child support arrearage to the Stark County Court of Common Pleas which was filed on March 24, 2003. Subsequently, he filed a Request for Ruling on May 31, 2005. The trial court has never ruled on the motion filed by Relator on March 24, 2003. Relator requests a Writ of Mandamus issue requiring the trial court to rule on his motion.
 {¶ 2} A relator is entitled to a writ of mandamus if the following conditions are satisfied: (1) the relator demonstrates a clear legal right to the relief prayed for; (2) the respondent is under a corresponding legal duty to perform the actions that make up the prayer for relief; and, (3) the relator has no plain and adequate remedy in the ordinary course of law. Doss Petroleum, Inc. v. Columbiana Cty. Bd. ofElections, 164 Ohio App.3d 255, 2005-Ohio-5633, 842 N.E.2d 66, citing toState ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29,451 N.E.2d 225.
 {¶ 3} Under R.C. 2731.04: "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." The failure to properly caption the complaint is grounds for dismissal. Thorne v. State, 8th Dist.,2004-Ohio-6288; Maloney v. Court of Common Pleas of Allen County (1962),173 Ohio St. 226, 181 N.E.2d 270.
 {¶ 4} Relator herein has not properly captioned his complaint nor has he verified it by affidavit. That alone is a sufficient reason for dismissing a petition for a writ of mandamus. Blankenship v.Blackwell, 103 Ohio St.3d 567, 2004-Ohio-5596 817 N.E.2d 382;Perotti v. Mahoning County Clerk, 7th Dist. No. 05-MA-202,2006-Ohio-673. *Page 3 
Nonetheless, we will proceed to a discussion of the merits to the petition. See, Powell v. Houser, 7th Dist. App. No. 07MA14, 2007-Ohio-2866.
 {¶ 5} Stark County Rule DR 15 states in part:
 {¶ 6} Motions requiring a hearing shall be assigned for hearing by the Assignment Commissioner at the time of filing (See Rule DR 13). No case will be heard at a time other than as scheduled in Rule DR 13 without the approval of the Judge or Magistrate.
 {¶ 7} We must then turn to Stark County Rule DR 13 which sets forth time frames for motions as follows:
 {¶ 8} Motions:
 {¶ 9} 1-2 weeks Initial Hearing
 {¶ 10} 1-2 months Pre-trial
 {¶ 11} 2-6 months Trial.
 {¶ 12} Motions: When a motion for a temporary order, modification of a prior court order or contempt is filed, the Domestic Relations Assignment Commissioner shall immediately assign a hearing date within the parameters issued by the Court.
 {¶ 13} Finally, Supreme Court Rule of Superintendence 40(3) states, "All motions shall be ruled upon within one hundred twenty days from the date the motion was filed, except as otherwise noted on the report forms."
 {¶ 14} It is undisputed a motion was filed by Relator in the lower court on March 24, 2003, which the lower court has never addressed. Respondent suggests Relator has failed to take any action on the motion since 2003; however, the lower court docket reveals Relator filed a request for ruling on May 31, 2005. *Page 4 
 {¶ 15} This Court notes Relator did not request an oral hearing on his motion probably due to his incarcerated status, but he did attach documentation to his motion for the trial court's review. DR 15.01 does not place a burden on the filing party to obtain a hearing date; rather, it orders the assignment commissioner to provide a date when a hearing is required. There is nothing to suggest a hearing would be necessary on this motion. The language of DR 15.01 suggests there are instances when a hearing is not required. In either case, the assignment commissioner should have set this matter for hearing when the motion was filed or the trial court should have ruled on the motion pursuant to the guidelines of Stark County Rule DR 13 and Superintendence R. 40. This Court notes under Stark County Rule DR 13 the inability of the trial court to meet these deadlines is not grounds for dismissal of the case.
 {¶ 16} It appears Relator's motion remains in an indeterminate state. Most of Respondent's arguments go to the merits of the underlying motion rather than whether the trial court should rule upon the motion.
 {¶ 17} More than four years have passed with no ruling from the trial court. Clearly, this amount of time is well beyond what is contemplated in Stark County Rules DR 13, DR 15, and Superintendence R. 40. Relator has a clear legal right to a ruling under these rules, and the Court of Common Pleas of Stark County, Domestic Relations Division, has a corresponding duty to provide such a ruling. Finally, Relator has no adequate remedy at law and could not pursue an appeal without first obtaining a judgment from the trial court.
 {¶ 18} A writ of mandamus is issued, and the trial court shall forthwith rule upon Relator's motion filed March 24, 2003 and request for ruling filed on May 25, 2005. *Page 5 
 {¶ 19} WRIT ISSUED.
 Gwin P.J., Farmer, J. and Wise, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, a Writ of Mandamus is issued, and the trial court shall forthwith rule upon Relator's motion filed March 24, 2003 and request for ruling filed on May 25, 2005. Costs taxed to Respondent. *Page 1