VERICH, Appellant,

v.

VINDICATOR PRINTING COMPANY, INC. et al., Appellees.

[Cite as *Verich v. Vindicator Printing Co., Inc.,* 152 Ohio App.3d 127, 2003-Ohio-1210.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2002–T–0036.

Decided March 14, 2003.

128

Samuel F. Bluedorn and Charles E. Ohlin, for appellant.

David L. Marburger, for appellees.

———————————

Per Curiam.

{¶ 1}   In this accelerated calendar case, appellant, Christopher F. Verich ("Verich"), appeals from the judgment entered by the Trumbull County Court of Common Pleas.   The trial court granted the motion to dismiss filed by appellees, the Vindicator Printing Company, Inc. and Bertram DeSouza.

{¶ 2}   The Vindicator Printing Company publishes a daily newspaper called The Vindicator.   In the spring of 2000, Verich was running to retain his seat in the Ohio House of Representatives.   Verich was initially appointed to serve the unexpired term of his brother, Michael Verich.   Verich was unsuccessful in his attempt to retain his position, losing the March 2000 primary election.

{¶ 3}   Following the primary election, an article was printed in the March 12, 2000 edition of The Vindicator.   The article was printed in the editorial section of the paper, which is titled "Viewpoint."   The article contained the following language:

{¶ 4}   "Michael Verich, along with the party hierarchy, anointed Chris, who had zero credentials.

{¶ 5}   "Now, Michael must find Chris a job."

{¶ 6}   Verich filed this lawsuit for libel naming The Vindicator and the author of the article, Bertram DeSouza.   Appellees filed a motion to dismiss the lawsuit pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted.   Verich filed a memorandum contra the motion to dismiss.   The trial court granted appellees' motion to dismiss.

{¶ 7}   Verich has timely appealed from this judgment, raising the following assignment of error:

{¶ 8}   "The trial court erred to the prejudice of plaintiff-appellant in granting defendants-appellees' motion to dismiss."

{¶ 9}   When considering a motion to dismiss pursuant to Civ.R. 12(B)(6), the factual allegations of the complaint must be accepted as true.[1]   The plaintiff is to be afforded all reasonable inferences derived from the allegations of the complaint.[2]   Then, it must appear beyond doubt that the plaintiff can prove

———————————

1.   *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182.

2.   Id., citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753.

no set of facts entitling him to relief.[3] Finally, "[t]he determination of whether allegedly defamatory language is opinion or fact is a question of law to be decided by the court."[4]

{¶ 10} Verich attached three exhibits to his motion contra appellees' motion to dismiss. "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."[5] Appellees did not rely on matters outside the pleading in their motion to dismiss. The trial court did not convert the motion to dismiss into a motion for summary judgment. Finally, in its judgment entry, the trial court did not address any of the exhibits attached to Verich's motion contra appellees' motion to dismiss. Accordingly, we will not consider any of Verich's attached exhibits.

{¶ 11} The First Amendment to the United States Constitution imposes limitations on state defamation law.[6] However, " '[t]he Ohio Constitution provides a separate and independent guarantee of protection for opinion ancillary to freedom of the press.' "[7]

{¶ 12} "When determining whether speech is protected opinion a court must consider the totality of the circumstances. Specifically, a court should consider: the specific language at issue, whether the statement is verifiable, the general context of the statement, and the broader context in which the statement appeared."[8]

{¶ 13} The trial court found that the language at issue in this case is opinion. For the following reasons, we agree.

{¶ 14} The specific language at issue in this case was the statements "[n]ow, Michael must find Chris a job" and that Verich had "zero credentials."

---

3. Id., citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753.

4. Id., citing *Scott v. News–Herald* (1986), 25 Ohio St.3d 243, 250, 496 N.E.2d 699.

5. Civ.R. 12(B)(6).

6. *Wampler v. Higgins* (2001), 93 Ohio St.3d 111, 114–115, 752 N.E.2d 962, citing *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, and *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789.

7. Id. at 117, 752 N.E.2d 962, quoting *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d at 281, 649 N.E.2d 182.

8. *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 649 N.E.2d 182, syllabus, following the test adopted in *Scott v. News–Herald*, 25 Ohio St.3d 243, 496 N.E.2d 699.

{¶ 15} The trial court reasoned that there are no set requirements for holding the office of state representative. Since there are no specific requirements to hold the office, whether a specific individual has "credentials" for the office becomes a matter of the writer's opinion. It is nearly impossible to verify whether an individual has credentials to be a state representative, as none are required. The court noted that a wide variety of individuals have held the office of state representative.

{¶ 16} The statement that "Michael must find Chris a job" is likewise unverifiable. There is no way to ascertain how Verich will obtain future employment. This statement was only the writer's opinion of how that employment search could take place.

{¶ 17} The third prong of the test requires an examination of the general context of the statements. The statements at issue appeared in an article entitled "Praise for the losers? Hardly." The article was DeSouza's colorful recap of the results of the recent Democratic primary election. In the article, a Mahoning County Commissioner was labeled a "puppet without a puppetmaster." Also, a Congressman was called an "800 pound political gorilla." These references indicated the article's generally light-hearted character and opinionated nature.

{¶ 18} Turning to the final prong of the test, we examine the broader context in which the statements appeared. The statements were in the editorial section of the newspaper. This section is entitled "Viewpoint." There is a presumption that language contained in the editorial section of a newspaper is the opinion of the writer.[9]

{¶ 19} After reviewing the statements at issue under the light of the four-prong test, we agree with the trial court's determination that the statements were constitutionally protected opinion. Therefore, the trial court did not err by dismissing Verich's complaint for failure to state a claim upon which can be granted. Verich's assignment of error is without merit.

{¶ 20} The judgment of the trial court is affirmed.

Judgment affirmed.

WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ., concur.

---

9. See *Wampler v. Higgins,* 93 Ohio St.3d at 131, 752 N.E.2d 962.