OPINION and JOURNAL ENTRY
{¶ 1} Pro-se Petition for Writ of Mandamus, Petition for Writ of Prosequendum was filed on March 18, 2003, seeking an order to compel Respondent to permit Relator to file a certain civil complaint that he had submitted for filing. It may be gleaned from the petition that Relator has been adjudged a vexatious litigator and was required to submit any proposed civil complaint to the Respondent prior to its acceptance for filing.
 {¶ 2} On April 3, 2003, Respondent filed a motion to dismiss the petition for failure of Relator to comply with R.C. 2969.25, pertaining to the filing of inmate lawsuits against a governmental entity or employee. Relator responded on April 10, 2003, with his own motion to dismiss the Respondent's motion, contending that Respondent is a county employee and R.C. 2969.25 is not applicable in this case. Thereafter, on April 14, 2003, Respondent filed a reply that it has been unequivocally determined that a common pleas judge is a governmental employee for purposes of R.C. 2969.25. State ex rel. Aliane v. Sheward, 10th Dist. No. 02 AP 480, 2002-Ohio-5970; State ex rel. White v. Suster (2002),95 Ohio St.3d 465.
 {¶ 3} For the reasons that follow we find that Relator has failed to comply with the statutory requirement for filing this action and it must be dismissed.
 {¶ 4} Pursuant to R.C. 2969.25:
"At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
(1) A brief description of the nature of the civil action or appeal;
(2) The case name, case number, and the court in which the civil action or appeal was brought;
(3) The name of each party to the civil action or appeal;
(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under Section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."
 {¶ 5} The requirements of R.C. 2969.25 are mandatory. Failure to file the required affidavit is cause for dismissal of the petition. Stateex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421, State exrel. Alford v. Winters (1997), 80 Ohio St.3d 285, State ex rel.Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258.
 {¶ 6} In addition, Relator has failed to include in his Affidavit of Indigency the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. R.C. 2969.25(C)(1).
 {¶ 7} Accordingly, the Respondent's Motion to Dismiss is sustained. Petition for Writ of Mandamus, Petition for Writ of Prosequendum is dismissed.
 {¶ 8} Costs are taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
Waite, P.J., Vukovich and Reader, JJ., Concur.