OPINION
{¶ 1} This appeal arises from the entry of summary judgment in the Girard Municipal Court, Trumbull County, in favor of Frank A. Siciliano ("appellee"). The case has been submitted for decision upon the briefs of the parties.
 {¶ 2} On November 4, 2002, Citibank (South Dakota), N.A., ("appellant") filed a complaint sounding in breach of contract against appellee. On November 8, 2002 appellee, proceeding pro se, filed his answer denying all allegations set forth in appellant's complaint. Appellant sought written discovery including interrogatories, a request for admissions, and a request for production of documents. However, upon serving his responses, appellee responded to only three of the twenty-six requests. Appellant subsequently filed a motion to compel complete answers, on which the court did not rule.
 {¶ 3} On December 27, 2002, appellee filed his motion to dismiss for failure to state a claim upon which relief can be granted. Attached to appellee's motion was a copy of an arbitration award. The document indicates that appellee and appellant were parties to some form of arbitration; under the caption, appellee is listed as the claimant and appellant, the respondent. Owing to a lack of evidence, we are uncertain as to the nature of the purported arbitration process. However, the document affixed to appellee's motion to dismiss indicated that appellee was awarded $9,500.00 "for damages, costs and fees." Appellee alleged that the arbitration was binding and adjudicated the claim on which the current litigation is based. Appellee essentially maintained that the arbitration award effectively precluded appellant from litigating the instant matter.
 {¶ 4} On January 3, 2003, without the benefit of full discovery, appellant filed its brief in opposition to appellee's motion to dismiss. On January 14, 2003, the trial court simultaneously converted the motion to dismiss into a Civ.R. 56 motion for summary judgment, granted appellee summary judgment, and adopted a purported arbitration award granting a monetary judgment in favor of appellee. Appellant now appeals.
 {¶ 5} Under its first assignment of error, appellant argues the trial court committed prejudicial error in converting appellee's motion to dismiss into a motion for summary judgment without proper notice to appellant and without setting a hearing date.
 {¶ 6} A motion to dismiss for failure to state a claim upon which relief can be granted is governed by Civ.R. 12(B)(6). When considering a motion to dismiss pursuant to this rule, a court must accept the factual allegations set forth in the complaint as true. Verich v. Vindicator Printing Co., Inc.,152 Ohio App.3d 127, 2003-Ohio-1210, at ¶ 9. Further, the plaintiff shall be granted all reasonable inferences derived from the allegations of the complaint. Id. As such, the inquiry associated with a Civ.R. 12(B)(6) motion focuses upon the specific allegations contained in the complaint without reference to external documents or facts.
 {¶ 7} That said, Civ.R. 12(B) provides:
 {¶ 8} "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the matters shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."
 {¶ 9} When a court converts a motion to dismiss for failure to state a claim into a motion for summary judgment pursuant to Civ.R. 12(B) and 56(C), it must notify all parties at least fourteen days before the hearing date. See State ex rel. The VCos. v. Marshall (1998), 81 Ohio St.3d 467, 470; see, also,Petrey v. Simon (1983), 4 Ohio St.3d 154, paragraphs one and two of the syllabus. Notice is necessary because it permits the "surprised party" the opportunity to discover and bring forward factual matters that are otherwise not relevant in the context of a dismissal. Id.
 {¶ 10} In the current matter, appellee's motion to dismiss for failure to state a claim upon which relief could be granted had an exhibit appended to it. The attached exhibit was a copy of a purported arbitration award granted in appellee's favor against appellant. It is clear from appellant's complaint and appellee's answer that this exhibit encompassed information outside the pleadings. Thus, as an initial matter, appellee's motion to dismiss was appropriately treated as a motion for summary judgment.
 {¶ 11} However, there is no indication in the record that the court gave either party notice of the conversion. Without notice, neither party had a reasonable opportunity to present Civ.R. 56 evidentiary materials. Most importantly, appellant was not afforded the opportunity to attack appellee's exhibit which was both the basis for the conversion and the award of summary judgment. This oversight is crucial as, according to appellant, the purported arbitration award is of dubious value to the disposition of the current case. Because the lower court erred in converting appellee's Civ.R. 12(B)(6) motion into a Civ.R. 56 motion without notifying the parties, appellant's first assignment of error has merit.
 {¶ 12} In his second assignment of error, appellant argues that the trial court erred by adopting the unauthenticated and uncertified arbitration award where appellee made no claim for such relief.
 {¶ 13} Civ.R. 56(C) provides an exclusive list of permissible documentary evidence that may be utilized in a summary judgment exercise: affidavits, transcripts of evidence in the pending case, written stipulations. Manfrass v. Sirgo's, 11th Dist. No. 2001-P-0152, 2002-Ohio-7273, at ¶ 10, citing Drawl v.Cornicelli (1997), 124 Ohio App.3d 562. Other documentary evidence may be admitted; however, it must be introduced by an affidavit which comports with Civ.R. 56(E). Manfrass, supra.
 {¶ 14} As indicated above, the documentary evidence attached to appellee's motion to dismiss acted to convert the motion to dismiss into a motion for summary judgment. The copy of the arbitration award does not fit under one of the categories of permissible documentary evidence set forth in Civ.R. 56(C). However, appellee attached an affidavit to his motion to dismiss wherein he verified that the dispute on which this case is predicated was settled through binding arbitration. Appellee's affidavit meets the requirements of Civ.R. 56(E). Thus, the lower court did not err by adopting appellee's documentary evidence for purposes of the Civ.R. 56 exercise.
 {¶ 15} Nevertheless, appellant contends that the trial court erred when, in its judgment entry, it decided to "enforce" the arbitration award. However, due to the foregoing analysis, we need not address whether the trial court erred in "enforcing" the purported arbitration award. That is, in sustaining appellant's first assignment of error, the lower court's judgment is reversed for proper notification pursuant to Civ.R. 56. Moreover, the documentary evidence appended to appellee's converted motion to dismiss was properly adopted for purposes of summary judgment. See Civ.R. 56(E). If appellee's motion demonstrated that there are no genuine issues of material fact concerning any essential elements of appellant's case (by virtue of the evidence of the arbitration award), on remand, appellant must set forth specific facts showing that there is a genuine issue for trial. SeeDresher v. Burt (1996), 75 Ohio St.3d 280, 292. This dialectic should be determinative of whether the lower court has jurisdiction to "enforce" the arbitration award. Accordingly, any discussion of whether the lower court had the power to enforce the arbitration award would, at this point, be premature.
 {¶ 16} Based upon the above analysis, appellant's first assignment of error has merit and the judgment of the Girard Municipal Court is hereby reversed and this matter is remanded for proceedings consistent with this opinion.
Christley and Grendell, JJ., concur.