OPINION AND JOURNAL ENTRY
{¶ 1} On June 27, 2006, this Court issued a final judgment in Appeals Case No. 05-MA-50, captioned State v. Michael Powell, vacating a plea entered by Petitioner in Mahoning County Court #2 Case No. 04TRC3695. The case was remanded for further proceedings.
 {¶ 2} Shortly after this Court issued its order, Respondent, Judge Joseph M. Houser, set a pre-trial for July 11, 2006. Petitioner, representing himself, filed a motion to continue the hearing, as he was not available on the scheduled date. The motion was granted and the pretrial was rescheduled for August 1, 2006.
 {¶ 3} After Petitioner failed to appear for the pretrial, Respondent issued a bench warrant for Petitioner as well as issuing a warrant block to the Ohio Bureau of Motor Vehicles. The block prohibits the Bureau from issuing a driver's license or registration until the court clears the case and BMV requirements are met.
 {¶ 4} Following the issuance of the warrant and block, Petitioner filed on September 27, 2006, a motion to set aside the warrant and a motion to remove the registration and license block, a motion to dismiss, and a motion to change venue. Those motions remain pending before Respondent.
 {¶ 5} This action in mandamus and prohibition collaterally attacking the registration block and bench warrant was filed on January 23, 2007. On January 26, 2007, Respondent filed a combined answer and Civ.R. 12(B)(6) and 12(E) motion to dismiss for failure to state a claim upon which relief could be granted. Thereafter, on February 21, 2007, Petitioner filed an objection to the combined answer. Respondent's motion to dismiss for failure to state a claim upon which relief could be granted now comes on for determination.
 STANDARD {¶ 6} A motion to dismiss under Civ.R. 12(B)(6) can only be granted where it appears beyond doubt from the complaint that the complaining party can prove no set of facts entitling him to recovery. Burnside v.Lembach (1991), 71 Ohio App.3d 399, 594 N.E. 2d 60. See, also,Cleveland Elec. Illum Co. v. Pub. Util. Comm. (1996),76 Ohio St. 3d 521, 524, 668 N.E. 2d 889, 891. When considering a motion to dismiss under Civ.R. 12(B)(6) the factual allegation stated in the complaint must *Page 3 
be accepted as true. Verich v. Vindicator Printing Co., Inc. 7th Dist.152 Ohio App. 3d 127, 2003-Ohio-1210, 786 N.E.2d 945.
 {¶ 7} Therefore, the factual allegation in the petition and reasonable inferences drawn therefrom must be taken as true when addressing a 12(B)(6) motion. Vail v. Plain Dealer Publishing Co. (1995),72 Ohio St.3d 279, 280, 649 N.E.2d 182, 184.
 AVAILABILITY OF MANDAMUS {¶ 8} A relator is entitled to a writ of mandamus if the following conditions are satisfied: (1) the relator demonstrates a clear legal right to the relief prayed for; (2) the respondent is under a corresponding legal duty to perform the actions that make up the prayer for relief, and (3) the relator has no plain and adequate remedy in the ordinary course of law. Doss Petroleum, Inc. v. Columbiana Cty. Bd. ofElections, 164 Ohio App.3d 255, 2005-Ohio-5633, 842 N.E.2d 66, citing toState ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29,451 N.E.2d 225.
 {¶ 9} Under R.C. 2731.04:
 {¶ 10} "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." The failure to properly caption the complaint is grounds for dismissal. Thorne v. State 8th Dist., 2004-Ohio-6288;Maloney v. Court of Common Pleas of Allen County (1962),173 Ohio St. 226, 181 N.E.2d 270.
 {¶ 11} Relator herein has not properly captioned his complaint nor has he verified it by affidavit. That alone is a sufficient reason for dismissing a petition for a writ of mandamus. Blankenship v.Blackwell, 103 Ohio St.3d 567, 2004-Ohio-05596 817 N.E.2d 382;Perotti v. Mahoning County Clerk, 7th Dist. No. 05-MA-202,2006-Ohio-673. Nonetheless, we will proceed to a discussion of the merits to the petition.
 {¶ 12} Petitioner appears to be seeking an order from this Court to compel Judge Houser to recall the warrant and to remove the block on Petitioner's ability to renew his registration and license.
 {¶ 13} The Respondent acted in conformity with law. Pursuant to R.C.4503.13(A): *Page 4 
 {¶ 14} "(A) A municipal court, county court, or mayor's court, at the court's discretion, may order the clerk of the court to send to the registrar of motor vehicles a report containing the name, address, and such other information as the registrar may require by rule, of any person for whom an arrest warrant has been issued by that court and is outstanding. Upon receipt of such a report, the registrar shall enter the information contained in the report into the records of the bureau of motor vehicles. Neither the registrar nor any deputy registrar shall issue a certificate of registration for a motor vehicle owner or lessee, when a lessee is determinable under procedures established by the registrar under division (E) of this section, who is named in the report until the registrar receives notification from the municipal court, county court, or mayor's court that there are no outstanding arrest warrants in the name of the person. The registrar also shall send a notice to the person who is named in the report, via regular first class mail sent to the person's last known address as shown in the records of the bureau, informing the person that neither the registrar nor any deputy registrar is permitted to issue a certificate of registration for a motor vehicle in the name of the person until the registrar receives notification that there are not outstanding arrest warrants in the name of the person."
 {¶ 15} A similar provision in law exists relating to a person's license to operate a motor vehicle in this state — R.C. 4507.091.
 {¶ 16} It is clear that there is a procedure available to Relator in order to have the warrant lifted and the block removed. The availability of an adequate legal remedy prevents the application for extraordinary relief. R.C. 2731.05.
 {¶ 17} From a reading of the petition, it may be gleaned that Relator is complaining that he should have been granted a second continuance to a scheduled hearing on the remand issued by this court in Appeals Case No. 05-MA-50, captioned State v. Michael Powell. Relator acknowledges that the hearing had been continued once at his request. (See, also, 7-11-2006 judgment entry in Case No. 2004TRC03695, Mahoning County Court No. 2 granting a continuance on motion filed by Relator on July 10, 2006 — relator's exhibit 3 attached to his complaint) *Page 5 
 {¶ 18} A trial court has complete authority over the management of its docket and has discretion to grant or deny a continuance. State v.Bayless (1976), 48 Ohio St.2d 73, 357 N.E.2d 1035. State v. Clemons
(Oct. 25, 2002), Lucas App. No. L-01-1445.
 {¶ 19} A party may challenge the exercise of that discretion by means of appeal after judgment. Once again, the availability of an adequate legal remedy forecloses Relator from bringing this original action to address those issues.
 {¶ 20} Each of the concerns raised by Relator, such as dismissal of the charges since the state has not responded to his motion to dismiss, present legal issues which may be reviewed after final judgment is entered.
 {¶ 21} In this case there is no indication that the Respondent has refused to enter judgment on the pending motions or unnecessarily delayed in ruling on the motions at the time this petition was filed. The motions had been pending less than four months and no response had yet been filed by the state. That factor certainly could be taken into consideration when issuing a ruling.
 {¶ 22} Moreover, under Superintendence Rule 40(A)(3) a trial court is directed to rule on a pending motion within 120 days from the date the motion was filed. From the date of filing the motions in this case and the filing of this petition, there had been a passage of 119 days. Moreover, the passage of 120 days does not automatically entitle a litigant to a writ of mandamus. As stated in State ex. Rel. Rodgers v.Cuyahoga Cty. Court of Common Pleas (1992), 84 Ohio App.3d 684,615 N.E.2d 689; "The rule may impose upon the trial court the duty to rule upon motions within one hundred twenty days for purposes of efficient court administration. That, however, does not necessarily mean that a corresponding right is created for litigants to force a trial judge to rule upon any motion within one hundred twenty days, regardless of the posture of the litigation. The need for discovery, the issues presented, the possibility of settlement, other motions pending in the case, and even other matters pending before the court could all, inter alia, be sufficient reason for the trial court within its proper discretion not to rule upon a motion within one hundred twenty days. Furthermore, allowing litigants to enforce such a rigid rule *Page 6 
risks depriving other litigants of due process, invites gamesmanship in litigation, and could frustrate the policy of deciding cases on their merits and not on procedural technicalities. State ex rel. Richard v.Gorman (Aug. 19, 1992), Cuyahoga App. No. 63333, unreported."
 {¶ 23} There had not been an unreasonable delay in ruling on the motions when this petition was filed.
 {¶ 24} Relator has not shown in his petition that there is a claim cognizable for relief through mandamus or prohibition. Therefore, the Respondent's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is granted. Petition dismissed.
 {¶ 25} This order of dismissal renders any pending motions moot.
 {¶ 26} Costs of this proceeding taxed against Relator.
 {¶ 27} Final order. Clerk to serve notice as provided by the civil rules.
 Donofrio, J., Vukovich, J. and DeGenaro, J. concurs. *Page 1