[Cite as *State v. D'Apolito*, 2010-Ohio-3371.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. CHRISTOPHER STANLEY | ) | |
| | ) | |
| RELATOR, | ) | CASE NO. 10-MA-66 |
| | ) | |
| VS. | ) | OPINION |
| | ) | AND |
| HON. LOU A. D'APOLITO, JUDGE, | ) | JUDGMENT ENTRY |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Mandamus

JUDGMENT:                                        Petition for Writ of Mandamus
                                                        dismissed.

APPEARANCES:
For Relator                                       Christopher Stanley, pro-se
                                                        #443-303
                                                        Lorain Correctional Institution
                                                        2075 South Avon Beldon Rd.
                                                        Grafton, Ohio 44044

For Respondent                               Paul Gains
                                                        Prosecutor
                                                        Ralph M. Rivera
                                                        Assistant Prosecutor
                                                        21 W. Boardman St., 6th Floor
                                                        Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: July 1, 2010

[Cite as *State v. D'Apolito*, 2010-Ohio-3371.]
PER CURIAM:

{¶1} This original action comes before this Court on a pro se complaint for a writ of mandamus filed by Relator Christopher Stanley (Stanley) seeking an order to compel Respondent Judge Lou A. D'Apolito (Judge D'Apolito) of the Mahoning County Court of Common Pleas to respond to Stanley's motion for resentencing, filed on November 20, 2009. Judge D'Apolito timely filed a combined answer and motion to dismiss, asserting that Stanley's mandamus petition is procedurally defective, or in the alternative, that the petition does not state facts sufficient to constitute a cause of action against him.

{¶2} In August of 2000, Stanley was arrested in connection with a brutal attack on a woman in Smith Township. *State v. Stanley*, 7th Dist. No. 03 MA 42, 2004-Ohio-6801, at ¶2. Stanley confessed to the crime and was subsequently indicted on three counts in the Mahoning County Court of Common Pleas (Case No. 00 CR 778): attempted murder, a first degree felony in violation of R.C. 2923.02(A)(3) and 2903.02(A), (D); rape, a first degree felony in violation of R.C. 2907.02(A)(2), (B); and aggravated burglary, a first degree felony in violation of R.C. 2911.11(A)(1), (B), (C). Id. at ¶3.

{¶3} Stanley eventually pled no contest to all three charges on December 31, 2002. Id. at ¶19. In a March 3, 2003 entry, the court sentenced Stanley to five years for attempted murder, eight years for rape, and five years for aggravated burglary, all to run consecutively. Id. On appeal, this Court affirmed Stanley's conviction and sentence. Id. at ¶47. Stanley is currently serving out this sentence at the Lorain Correctional Institution. (Verified Complaint for Writ of Mandamus at 1.)

{¶4} It is the judgment entry of March 3, 2003 that Stanley takes issue with in the present action. (Verified Complaint for Writ of Mandamus at 2.) Particularly, Stanley contends that the language providing that "[d]efendant has been given notice under R.C. 2929.19(B)(3)" does not constitute proper notification regarding post-release control. (Id.; Judgment Entry of March 3, 2003.) On November 20, 2009, Stanley filed a motion for resentencing to remedy this alleged defect. (Verified Complaint for Writ of Mandamus at 2.) As of April 19, 2010, the date of filing for the

mandamus action, Judge D'Apolito had yet to rule on Stanley's motion. Id. Pursuant to Superintendence Rule 40(A)(3), Stanley asserts that Judge D'Apolito has failed to respond within a reasonable time to the motion for resentencing, and as such, this Court should compel Judge D'Apolito to do so. (Id.; Sup.R. 40(A)(3).)

**{¶5}** On May 10, 2010, Judge D'Apolito filed a combined answer and motion to dismiss, positing that Stanley's petition for mandamus fails to comply with the procedural mandates set forth in R.C. 2969.25(C). Specifically, Judge D'Apolito points out that Stanley's affidavit of indigency, filed with his mandamus complaint, did not include a statement from the institutional cashier certifying the inmate's account balance for each of the preceding six months, as required by R.C. 2969.25(C). In the alternative, Judge D'Apolito argues that the petition does not state facts sufficient to warrant a cause of action, pursuant to Civil Rule 12(B)(6).

**{¶6}** As a preliminary matter, it should be noted that this court has the ability to hear an original mandamus action pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution and R.C. 2731.02.

**{¶7}** In the present action, Stanley seeks mandamus to compel Judge D'Apolito to rule on his motion for resentencing that he filed on November 20, 2009. At the outset, however, it is clear that Stanley's petition for mandamus is procedurally defective and must be dismissed. See *State ex rel. Barksdale v. Sutula*, 8th Dist. No. 93861, 2009-Ohio-4885, at ¶7 (holding that defects in the complaint provide grounds for dismissal).

**{¶8}** R.C. 2969.25 sets forth several procedural mandates that an inmate must comply with as prerequisites for bringing a valid civil action complaint. One of those mandates, contained in R.C. 2969.25(C), is that where an inmate seeks a waiver of the court's filing fees, such request must be accompanied by an affidavit of indigency. This affidavit *must* include a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. As this Court has stated, "[t]he requirements of R.C. 2969.25 are mandatory." *State ex rel. Buoscio v. Evans*, 7th Dist. No. 03 MA 43, 2004-Ohio-192, at ¶5, citing *State*

*ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421, 422, 696 N.E.2d 594. Failure to comply is "a sufficient reason to deny the writ, deny indigency status, and assess costs against the petitioner." *State ex rel. Myrieckes v. Gallagher*, 8th Dist. No. 93477, 2009-Ohio-3272, at ¶4, citing *State ex rel. Palmer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, at ¶5-7; see also *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 176, 724 N.E.2d 420.

**{¶9}** Here, Stanley has attached an affidavit of indigency to his complaint, but any statement from the institutional cashier is conspicuously absent. Consequently, Stanley fails to satisfy R.C. 2969.25(C), and his complaint must be dismissed with Stanley ordered to pay costs.

**{¶10}** Notwithstanding this fatal procedural defect, we will proceed to a discussion of the merits of Stanley's petition.

**{¶11}** In addition to Judge D'Apolito's correct assertion that Stanley's mandamus petition was defective pursuant to R.C. 2969.25(C), Judge D'Apolito also contends that the complaint warrants dismissal under Civil Rule 12(B)(6). A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus. *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, at ¶9; *Powell v. Houser*, 7th Dist. No. 07-MA-14, 2007-Ohio-2866, at ¶6.

**{¶12}** To be entitled to the writ, Stanley must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of Judge D'Apolito to provide it, and the lack of an adequate remedy in the ordinary course of law. *Powell v. Houser*, 7th Dist. No. 07-MA-14, 2007-Ohio-2866, at ¶8, citing *Doss Petroleum, Inc. v. Columbiana Cty. Bd. of Elections*, 164 Ohio App.3d 255, 2005-Ohio-5633, 842 N.E.2d 66, at ¶6, citing to *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 451 N.E.2d 225. In addition, although mandamus may be used

to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus.

{¶13} The Ohio Supreme Court has plainly articulated its reluctance to grant such measures, stressing that mandamus is an extraordinary remedy, which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser* (1977), 50 Ohio St.2d 165, 166, 364 N.E.2d 1; see also *State ex rel. Pressley v. Industrial Commission of Ohio* (1967), 11 Ohio St.2d 141, 161, 228 N.E.2d 31 ("The facts submitted and the proof produced must be plain, clear and convincing before a court is justified in using the strong arm of the law by way of granting the writ."). Further, the writ is not demandable wholly as a matter of right. Id. at 161, 364 N.E.2d 1. Rather, the issuance of a writ of mandamus rests within the sound discretion of the court to which application for the writ is made, and depends upon the facts and circumstances of the case, including the relator's rights, the relator's conduct, the equity and justice of the relator's case, and public policy. Id. at 161, 364 N.E.2d 1.

{¶14} As stated, Stanley's complaint for mandamus seeks to compel Judge D'Apolito to issue a ruling on Stanley's motion for resentencing. Stanley argues that his current sentence is contrary to law in that the sentencing entry fails to include proper notification concerning post-release control pursuant to R.C. 2929.19.

{¶15} R.C. 2929.19(B)(3) requires that the sentencing court notify the offender that he will be supervised under R.C. 2967.28 after the completion of his prison term. The Supreme Court of Ohio has interpreted these provisions as requiring a trial court to give notice of post-release control both at the sentencing hearing and by incorporating it into the sentencing entry. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. While

Stanley's offenses warrant a mandatory term of post-release control under R.C. 2967.28, the trial court must give notice regardless of whether the term of post-release control is mandatory or discretionary. *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at paragraph two of the syllabus.

**{¶16}** A sentence that fails to notify the offender that he or she is subject to post-release control is wholly unauthorized and void. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶16. "Because a sentence that does not conform to statutory mandates requiring the imposition of post release control is a nullity and void, it must be vacated. The effect of vacating the sentence places the parties in the same position as they were had there been no sentence." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶22. Moreover, when such an error is apparent, the trial court retains jurisdiction to correct a void sentence and is authorized to do so. Id. at ¶23. As such, Stanley properly directed his request for resentencing to the court that originally sentenced him.

**{¶17}** Here, however, the error is not entirely apparent. The sentencing entry does at least contain a reference to the relevant statutory notice provision, stating: "[d]efendant has been given notice under R.C. 2929.19(B)(3) and of appellate rights under R.C. 2953.08." (Judgment Entry of March 3, 2003.) The Sixth District, at least, has held this to constitute adequate notice. See *State v. Maddox*, 6th Dist. No. L-09-1237, 2010-Ohio-1476, at ¶13-16 and *State v. Milazo*, 6th Dist. No. L-07-1264, 2008-Ohio-5137, at ¶18 (both holding that a judgment entry with identical language offered sufficient notice pursuant to R.C. 2929.19(B)(3)). These decisions relied primarily on the Supreme Court's explanation that a sentencing entry must be "sufficient to afford notice to a reasonable person that the courts were authorizing postrelease control as part of each petitioners' [sic] sentence." *Watkins v. Collins*, 111 Ohio St.3d, 425, 2006-Ohio-5082, 857 N.E.2d 78, at ¶51. However, in making this determination, courts also weigh how thoroughly post-release control was explained at the sentencing hearing. Id. There is no record of the proceedings at Stanley's sentencing hearing before this Court to aid in this determination. This provides

further support for the contention that the underlying issue would be properly addressed by the sentencing court.

**{¶18}** The matter comes before this Court because Stanley's motion, submitted on November 20, 2009, has yet to be ruled on by the sentencing court. Stanley opines that Superintendence Rule 40(A)(3) directs a trial court to rule on a pending motion within 120 days from the date the motion was filed. As the present action was filed on April 19, 2010, Stanley's motion has clearly been pending more than 120 days. However, this Court has previously held that a meritorious claim in mandamus does not automatically exist because a motion remains pending longer than 120 days:

**{¶19}** "As stated in *State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas* (1992), 84 Ohio App.3d 684, 615 N.E.2d 689, '[t]he rule may impose upon the trial court the duty to rule upon motions within one hundred twenty days for purposes of efficient court administration. That, however, does not necessarily mean that a corresponding right is created for litigants to force a trial judge to rule upon any motion within one hundred twenty days, regardless of the posture of the litigation. The need for discovery, the issues presented, the possibility of settlement, other motions pending in the case, and even other matters pending before the court could all, inter alia, be sufficient reason for the trial court within its proper discretion not to rule upon a motion within one hundred twenty days. Furthermore, allowing litigants to enforce such a rigid rule risks depriving other litigants of due process, invites gamesmanship in litigation, and could frustrate the policy of deciding cases on their merits and not on procedural technicalities.'" *Powell v. Houser*, 7th Dist. No. 07-MA-14, 2007-Ohio-2866, at ¶22.

**{¶20}** Based on this precedent, Stanley's bare assertion that his motion has been pending in excess of 120 days fails to establish a clear legal right to a ruling on the motion at this time. As there is no indication that Judge D'Apolito has refused to enter judgment on the pending motions, this Court cannot necessarily say that the length of delay has been unreasonable. Therefore, because Stanley cannot

establish all the elements of an action for mandamus, his petition would also be dismissed pursuant to Civ.R. 12(B)(6).

**{¶21}** Relator's petition suffers from a fatal procedural defect, warranting automatic dismissal. Moreover, Relator has not demonstrated a claim cognizable for relief through mandamus. Thus, the writ of mandamus sought by Relator is hereby denied.

**{¶22}** Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.

Donofrio, J. concurs.
Vukovich, P.J. concurs.