[Cite as *Lichtenwalter v. Bobby*, 2012-Ohio-2436.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex. re. DEREK LICHTENWALTER, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | CASE NO. 12-MA-14 |
| V. | ) | |
| | ) | OPINION |
| DAVID BOBBY, WARDEN, | ) | AND |
| | ) | JUDGMENT ENTRY |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Mandamus

JUDGMENT:                                       Dismissed

APPEARANCES:
For Petitioner                    Derek Lichtenwalter, Pro-se
                                       #620-827
                                       878 Coitsville Hubbard Road
                                       Youngstown, Ohio 44504

For Respondent                 Michael DeWine
                                       Ohio Attorney General
                                       Caitlyn A. Nestleroth
                                       Assistant Attorney General
                                       Criminal Justice, Section, Corrections
                                       Unit
                                       150 East Gay Street, 16th Floor
                                       Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: May 29, 2012

PER CURIAM.

{¶1} Relator Derek Lichtenwalter, proceeding pro se, has filed a petition asking for a writ of mandamus compelling respondent David Bobby, warden of the Ohio State Penitentiary in Youngstown, Ohio to supply the law library with all of the materials required by statute and policy, and to provide equal access to computerized legal research to all prisoners regardless of their placement within the institution. The warden has filed an answer and a Civ.R. 12(C) motion for judgment on the pleadings.

{¶2} In his petition, Lichtenwalter complains that prisoners like himself who are "not on security lockdown" or are a "level one prisoner at the camp" do not have access to legal research materials such as case law and statutes. In contrast, he states that "level 5" or "death row" prisoners have access to a full law library, including access to a word processor and an online legal research service. Lichtenwalter acknowledges that he has access to a "paralegal employed by the state," but claims the paralegal is unable to locate a case for him without providing them with a specific case citation. As an example, he states he was looking for the Ohio Supreme Court's 2008 decision in *State v. Baker* addressing Crim.R. 32(C) and what constitutes a final appealable order. As a result, Lichtenwalter claims he has missed deadlines for appeals rendering him unable to pursue "viable" postconviction claims.

{¶3} In his motion for judgment on the pleadings, the warden argues that Lichtenwalter's petition should be dismissed for failing to meet certain procedural mandates set forth in R.C. 2969.25. R.C. 2969.25 sets forth several procedural mandates that an inmate must comply with as a prerequisite for bringing a valid civil action complaint. As highlighted by the warden, Lichtenwalter's petition fails to comply with two of R.C. 2969.25's mandates.

{¶4} First, R.C. 2969.25(A) requires the inmate to "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." An affidavit is a written declaration made under oath. R.C. 2319.02. Lichtenwalter signed his "Affidavit of Previous Actions" and also bears the signature of a person

who "witnessed" the declaration or Lichtenwalter's signature upon the declaration. However, the affidavit was not made under oath and, therefore, does not meet R.C. 2969.25(A)'s requirement.

{¶5} Second, Lichtenwalter's complaint seeks waiver of prepayment of the court's filing fees. R.C. 2969.25(C) requires an affidavit of indigency to be filed in order to have prepayment of full filing fees waived. More specifically, R.C. 2969.25(C) requires that the affidavit of indigency contain "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." Here, Lichtenwalter provided a statement from the institutional cashier setting forth only the balance in his account as of December 23, 2011. It does not set forth the balance in his account for each of the preceding six months and, therefore, does not meet the requirements of R.C. 2969.25(C).

{¶6} This court has stated, "[t]he requirements of R.C. 2969.25 are mandatory." *State ex rel. Buoscio v. Evans*, 7th Dist. No. 03 MA 43, 2004-Ohio-192, at ¶5, citing *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422, 696 N.E.2d 594 (1998). Failure to comply is "a sufficient reason to deny the writ, deny indigency status, and assess costs against the petitioner." *State ex rel. Myrieckes v. Gallagher*, 8th Dist. No. 93477, 2009-Ohio-3272, at ¶4, citing *State ex rel. Palmer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, at ¶5-7; see, also, *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 176, 724 N.E.2d 420.

{¶7} As indicated, Lichtenwalter's petition fails to meet two of R.C. 2969.25's requirements which are a prerequisite for an inmate bringing a valid civil action. Consequently, Lichtenwalter's petition is hereby dismissed for failing to meet those requirements.

{¶8} Costs taxed against Lichtenwalter. Final order. Clerk to serve notice

as provided by the Civil Rules.

Donofrio, J., concurs.

Vukovich, J., concurs.

Waite, P.J., concurs.